In re Russell KANORR, Debtor.

FLEET REAL ESTATE FUNDING CORP., Its Successors or Assigns, Movant,

v.

Russell KANORR and C. Brooks Thurmond, III, Trustee, Respondents.

Bankruptcy No. A93–67942–JB.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Aug. 24, 1993.

John W. Stokes, Atlanta, GA, for debtor/respondent.

Lynn Wood, Shapiro & Swertfeger, Atlanta, GA, for movant.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This matter is before the Court on the motion by Fleet Real Estate Funding Corp. ("Fleet") to annul the automatic stay and validate a foreclosure sale conducted by Fleet on June 1, 1993, on real property at 1185 Mountain Springs Place, Kennesaw, Georgia (the "Property"). The motion came on for hearing on July 27, 1993. After considering the evidence presented, the pleadings in this case and debtor's previous bankruptcy cases and argument of counsel, the Court concludes that Fleet's motion should be granted.

This Chapter 7 case is the fifth bankruptcy case filed by the debtor to stop a foreclosure on the Property, and it was filed despite a Court Order entered in the previous case which made debtor ineligible for filing another bankruptcy case for 180 days pursuant to 11 U.S.C. § 109(g)(1).

The first case was a Chapter 13 case filed by debtor *pro se* on May 6, 1991, Case No. 91–68881, assigned to Judge Kahn. The case was dismissed on July 23, 1991. In the first case, debtor failed to attend the first meeting of creditors, never filed a plan or schedules, and never made any payments to the Chapter 13 trustee. Debtor filed a second case on January 3, 1992, Case No. 92–60081, assigned to Judge Cotton. This was also a Chapter 13 case where debtor's plan was not confirmed, and where debtor never made any payments to the Chapter 13 trustee. While the petition stated that debtor was *pro se*, Mary Brock Kerr appeared as debtor's counsel by signing debtor's plan and an amendment to the petition. The case was dismissed on April 13, 1992. Less than three months later, debtor filed a third case, Case No. 92–71207, assigned to Judge Cotton. This case was filed *pro se* under Chapter 13 and was dismissed on September 21, 1992, with

debtor unable to obtain confirmation of a plan and with debtor once again failing to make any payments to the Chapter 13 trustee.

Remarkably, debtor then filed *pro se* a fourth Chapter 13 case two months later on November 30, 1992, Case No. 92–79405, assigned to the undersigned. Both the Chapter 13 trustee and Fleet filed objections to any confirmation and requested that the case be dismissed with prejudice. Debtor failed to appear at the confirmation hearing on February 2, 1993. On February 12, 1993, the Court entered an Order finding that the fourth case was not filed in good faith and that the filing was abusive. The Court also found that debtor had failed to attend the first meeting of creditors, had failed to make any payments to the Chapter 13 trustee, and that debtor willfully failed to appear in proper prosecution of the case. The Court denied confirmation and dismissed the case under 11 U.S.C. § 109(g)(1), stating that debtor was not eligible for relief under Title 11 for 180 days from the entry of the Order. Debtor did not appeal or file a motion to reconsider the February 12, 1993 Order.

On May 28, 1993, debtor filed the instant case, his fifth bankruptcy case in two years. This time, the case was filed under Chapter 7. The petition listed Mary Brock Kerr as debtor's attorney, although the petition also has the box checked indicating "debtor is not represented by an attorney". The petition was incomplete, and debtor to this date has not filed the schedules required in a Chapter 7 case. The only creditor listed is Fleet.[1] In the petition, debtor disclosed his first three bankruptcy filings but failed to disclose the fourth case, Case No. 92–79405, the case in which the Court entered the Order of dismissal with prejudice.

On June 25, 1993, Fleet filed a motion to annul the automatic stay and validate the foreclosure sale Fleet had conducted on June 1, 1993. Debtor has not made any payments to Fleet for 29 months, and the arrearage is in excess of $35,000.00. Fleet's counsel stated that the total debt was $125,932.52. Fleet's motion recited the four previous filings and the fact that the fourth case was dismissed with prejudice for 180 days. Debtor filed a response through attorney John W. Stokes, arguing that there had been a "change in condition".[2] The response did not provide any factual basis for the allegation that there had been a change in condition and did not cite any law to support the filing of a fifth case in contravention of the previous Order dismissing the case and making debtor ineligible for relief for 180 days.

At the hearing on Fleet's motion to annul the automatic stay, debtor argued that this fifth bankruptcy case was justified, because he could now pay off Fleet's mortgage in full. Debtor testified that his financial condition had improved in three respects. He testified that child support payments for which he is obligated had been reduced, that he now had a job paying $70,000.00 a year, and that his wife had sold some real estate in Scotland which would allow him to pay Fleet's debt in full.

Debtor did not give any satisfactory explanation for his conduct in the four prior cases. Neither debtor nor attorney Kerr explained why they did not disclose the fourth bankruptcy filing when they filed the petition in this fifth case. Debtor did not explain why he filed this case in direct violation of the Court's previous Order. Moreover, debtor does not argue that the fourth case should not have been dismissed with prejudice. It appears that debtor is simply asking the Court to ignore the previous order of dismissal.

Debtor's counsel cited two cases at the hearing to support debtor's position that this fifth filing should be permitted and the stay should not be annulled. Neither case

---

1. In previous cases, debtor listed substantial amounts of unsecured debt with limited and incomplete information as to the names and addresses of creditors.

2. Within a month of the instant filing, Ms. Kerr filed a motion to withdraw due to illness and a conflict of interest which she indicated had developed between herself and the debtor. Debtor was then represented by attorney John W. Stokes.

supports debtor's argument. In *Home Savings of America, F.A. v. Luna (In re Luna)*, 122 B.R. 575 (9th Cir. BAP 1991), the court interpreted 11 U.S.C. § 109(g)(2) which makes a debtor ineligible for bankruptcy for 180 days after the debtor files a voluntary dismissal following the filing of a request for relief from the automatic stay. Recognizing that there is a split of authority as to whether § 109(g)(2) is mandatory or discretionary, the court in *Luna* held that the application of § 109(g)(2) was discretionary so that the court could allow a second filing, despite the debtor's voluntary dismissal of the first case. The issue in *Luna* is not before the Court here. The case at bar does not involve § 109(g)(2) and there was no voluntary dismissal by the debtor. Here, the Court entered an Order dismissing the fourth case under § 109(g)(1) pursuant to the motions of a creditor and the Chapter 13 trustee. The court in *Luna* did not hold that a court has the discretion to ignore a final order under § 109(g)(1) in a prior case, when the debtor's only showing is that he has now come into some funds. Moreover, to allow debtor to use this fifth filing to prevent Fleet from foreclosing given the facts of this case would be an abuse of any such discretion, if it exists.

The case of *Carr v. Security Savings & Loan Ass'n*, 130 B.R. 434 (D.N.J.1991), cited by debtor, is also not applicable here. In *Carr*, the court held that a secured creditor who had repossessed a car following a modification of the stay in a prior case must return the car when debtor filed a subsequent case. Once again, the facts did not involve a prior court order entered under § 109(g)(1) making the debtor ineligible for bankruptcy for 180 days.

Finally, the record in this case shows that debtor did not file this Chapter 7 case in good faith. Without revealing that this was a fifth filing or that the case was filed despite the previous Order making debtor ineligible for relief under the Bankruptcy Code, debtor's initial counsel, Ms. Kerr, requested an extension of time for debtor to file the required schedules and statement of financial affairs. By Order entered June 18, 1993, the Court gave debtor an extension until June 30, 1993. Following a second request, the Court granted an additional extension until July 28, 1993. As of this date, debtor has failed to file any schedules or statements of affairs or list of creditors. Debtor has also failed to attend the first meeting of creditors in this case. See Chapter 7 trustee's "Notice of Failure to Appear for 341 Meeting". In fact, this case has now been processed for dismissal on that ground.

Significantly, debtor's counsel stated that now that debtor has come into some money, he does not need the Chapter 7 discharge and his intention would be to seek a dismissal of this fifth case, once he prevents the consummation of Fleet's foreclosure. See Tr. of Hearing held on July 27, 1993, at 23, line 1, through 24, line 1. Thus, it is clear that this Chapter 7 case was filed only to hinder and delay one creditor from foreclosing on an asset.

In conclusion, this is one of those limited circumstances in which it is appropriate to grant retroactive relief from the automatic stay under § 362(d). *See In re Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 675 (11th Cir.1984). Fleet's motion to annul the automatic stay is GRANTED and Fleet's foreclosure sale of the Property is not void or prohibited by the debtor having filed this Chapter 7 bankruptcy. Furthermore, the automatic stay is lifted in its entirety with respect to Fleet, and Fleet may take appropriate action under state law to obtain possession of the Property.

IT IS SO ORDERED.